## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-0234** (Fayette County 11-F-131)

**Acie A. Bailey,**
**Defendant Below, Petitioner**


### MEMORANDUM DECISION

Petitioner's appeal, by counsel Lori M. Peters, arises from the Circuit Court of Fayette County, wherein he was sentenced to a term of incarceration of one to five years following his conviction, by jury, for the felony offense of failure to register as required of a sex offender required to register for life. That order was entered on January 24, 2012. The State, by counsel Laura Young, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 13, 2011, petitioner was indicted by grand jury on one count of failure to register as required of a sex offender required to register for life and one count of failure to register a change of address as required of a sex offender required to register for life. Following a jury trial, petitioner was convicted of failure to register as required of a sex offender required to register for life and acquitted on the remaining count. On appeal, petitioner alleges several assignments of error.

First, petitioner alleges that West Virginia Code § 15-12-1 to § 15-12-10, otherwise known as the Sex Offender Registration Act, is unconstitutionally vague and therefore void for vagueness because it does not clearly define what constitutes a "residence" or what constitutes a failure to register one's "residence." Petitioner next alleges that, because the statute in question is unconstitutionally vague, the circuit court erred in giving jury instruction on "residence." According to petitioner, the instruction did not accurately or adequately define what constitutes a residence. Lastly, petitioner alleges that the evidence was insufficient to support his conviction. In support, he again argues that because the statute in question is unconstitutionally vague, no one could have known what evidence was needed to satisfy the elements of the crime. Alternatively, he argues that "residence" must mean a person's primary residence or domicile.

1

In response, the State argues that the statute in question is not void for vagueness because the term "residence" is not a legal term of art and the statute is sufficiently definite to inform a person of ordinary intelligence what he is required to do. Further, the circuit court's instruction was a correct statement of the law and was, therefore, not error. Lastly, the State argues that the evidence was sufficient to show petitioner was living in Fayette County and that he had not registered his Fayette County address with the State Police detachment in Fayette County.

"'Where the issue on an appeal from the circuit court is clearly a question of law . . . involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 2, *Thomas v. Morris*, 224 W.Va. 661, 687 S.E.2d 760 (2009). Further, we have previously held that "'[a] criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication.' Syl. Pt. 1, *State v. Flinn*, 158 W.Va. 111, 208 S.E.2d 538 (1974)." Syl. Pt. 7, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review of the Sex Offender Registration Act, the Court finds that it sets out with sufficient definiteness the conduct that is criminalized. A plain reading of the Sex Offender Registration Act should have informed petitioner that if he resided in two separate counties, then he was required to register both residences with the West Virginia State Police detachment in each county. For these reasons, we find no merit in this assignment of error.

Accordingly, we further find no merit in petitioner's remaining assignments of error, as they are premised on the argument that the Sex Offender Registration Act is unconstitutionally vague. We have previously held that "'the question of whether a jury was properly instructed is a question of law, and the review is *de novo*.' Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996)." Syl. Pt. 2, in part, *Foster v. Sakhai*, 210 W.Va. 716, 559 S.E.2d 53 (2001). As addressed above, the statute in question is not unconstitutionally vague in regard to the term "residence," and the circuit court therefore did not improperly instruct the jury on this issue.

Lastly, we have held that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum